UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

HERBERT R. SLINKER,                                                          Plaintiff,

v.                                                       Civil Action No. 3:15-cv-370-DJH-CHL

JIM BEAM BRANDS CO. and JIM BRADY,                        Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Defendant Jim Brady's motion to dismiss for failure to state a claim. (Docket No. 8) Plaintiff Herbert R. Slinker did not oppose the motion. Because Slinker's complaint does not state a plausible claim for relief against Brady, the motion to dismiss will be granted.

**I.**

      In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that merely offers "'naked assertions' devoid of 'further factual enhancement'" does not satisfy the Federal Rules of Civil Procedure. *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.

Slinker alleges a single cause of action against Brady: age discrimination in violation of the Kentucky Civil Rights Act (KCRA), Kentucky Revised Statutes Chapter 344.[1] (*See* D.N. 1-1, PageID # 19-20)  Section 344.040(1)(a) prohibits an employer from discriminating against an individual because of age (forty years or older). "Employer" is a defined term meaning "a person who has eight (8) or more employees within the state in each of twenty (20) or more calendar weeks in the current or preceding calendar year and an agent of such a person." Ky. Rev. Stat. § 344.030(2). An individual employee or supervisor who does not meet this definition is not subject to liability under the KCRA. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997).

## III.

Slinker's complaint asserts that Brady is "a supervisor at the Jim Beam American Stillhouse" and that Jim Beam Brands Co. qualifies as an employer under the KCRA. (D.N. 1-1, PageID # 16 ¶ 6; *see id.*, PageID # 19 ¶ 49)  It alleges no facts indicating that Brady is an employer within the meaning of the KCRA, however. Slinker thus has failed to state a plausible claim of age discrimination against Brady. *See Iqbal*, 556 U.S. at 678. Accordingly, and the Court being sufficiently advised, it is hereby

**ORDERED** that the motion to dismiss (D.N. 8) is **GRANTED**. The plaintiff's claim against Defendant Jim Brady is **DISMISSED**. The Clerk of the Court is **DIRECTED** to terminate Jim Brady as a defendant in this matter.

---

[1] With respect to Defendant Jim Beam Brands Co., Slinker asserts claims of promissory estoppel; negligent hire, retention, and supervision; and coerced waiver of statutory rights in addition to age discrimination. (*See* D.N. 1-1, PageID # 20-22)